Pearson, C. J.
 

 The plaintiff, as surviving partner, asks for an account against Bryson, who is one of the administrators, and against
 
 himself,
 
 who is the other administrator of the deceased partner. In other words, the plaintiff takes position upon both sides of the case! and when the account is to be taken, he will represent his own interest as plaintiff, and also have a right to represent his deceased partner. It is apparent that an account cannot be ordered under such
 
 *269
 
 circumstances, especially as the bill makes grave charges of fraud on the part of the deceased, of whom the plaintiff is one of the representatives! The only mode of proceeding for the plaintiff is to apply to the County Court to revoke the letters of administration, so that his deceased partner may have something like a fair showing.
 
 Griffith
 
 v.
 
 Van
 
 heythuysen, 4 Eng. L. and E. 25, is in point. There a
 
 cestui que trust
 
 administered upon the estate of one of the trustees,! and jointly with the other
 
 cestui que trust
 
 sued the surviving trustees, charging a misapplication of the trust funds by the deceased, trustee. The Yice Chancellor says “The decree would involve an account of the estate of Yanheythuysen received by the plaintiff Griffin. Now how could such an account be taken, as between Griffin and his co-plaintiffs in the suit ? There is a direct conflict of interest between Griffin as representative of Yanheythuysen and his co-plaintiffs. The principle of the objection is, that the suit was so constituted that the account could not be taken,” &c.
 

 This case differs from
 
 Harrington ancl wife
 
 v. McLean, at this term, in many respects. There the primary object of the bill was to have a specific performance of marriage articles in favor of the
 
 feme
 
 plaintiff in respect to certain slaves, and although the primary object failed by the political death of the slaves, it was allowed to be carried on for an account of the hires of such part of the slaves as had been in the possession of the defendant; and, although Harrington, one of the plaintiffs, was the .co-executor of Neill McLean, with the other defendant Malcom McLean, yet it was alleged and proved that, at the time he qualified, he was ignorant of the existence of the marriage articles under which his wife derived her title.
 

 Per Curiam.
 

 Bill dismissed with costs.